IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM WHITSITT,

    Plaintiff,　　　　　　　　　No. CIV S-10-1620 GEB KJM PS

  vs.

PAM HARRIS, et al.,

    Defendants.　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

1       In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

      In this action, plaintiff alleges that his civil rights have been violated in connection with his claim for unemployment benefits. Plaintiff's allegations fail to state a claim under 42 U.S.C. § 1983. Plaintiff makes no assertion that his claim for unemployment benefits was denied on an impermissible basis. See Rutan v. Republican Party of Illinois, 497 U.S. 62, 86-87 (1990) (even though a person has no right to valuable governmental benefit and government may deny the benefit for any number of reasons, benefit may not be denied where it infringes on constitutionally protected interests such as free speech); see also Sherbert v. Verner, 374 U.S. 398 (1963) (unemployment benefits could not be denied based on plaintiff's religious practices). Although plaintiff asserts a claim for violation of due process, it is apparent from plaintiff's allegations that he has been afforded full due process in connection with his claim for unemployment benefits, including reviews by an administrative judge and notices from the Employment Development Department. Am. Compl. at 3:20-28. Plaintiff's disagreement with the administrative determination does not a due process claim make. In addition, the California system of administering unemployment claims has been certified as reasonably calculated to

1 insure full payment of unemployment compensation when due. See Carmona v.Sheffield, 475

2 F.2d 738, 739 (9th Cir. 1973). Despite being afforded an opportunity to cure the deficiencies in

3 his complaint, plaintiff has failed to do so. It appears that further amendment would be futile.

4       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

5       These findings and recommendations are submitted to the United States District

6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

7 days after being served with these findings and recommendations, plaintiff may file written

8 objections with the court. The document should be captioned "Objections to Magistrate Judge's

9 Findings and Recommendations." Plaintiff is advised that failure to file objections within the

10 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951

11 F.2d 1153 (9th Cir. 1991).

12 DATED: September 27, 2010.

_____
U.S. MAGISTRATE JUDGE

006
whitsitt-harris.57